## SLEEPER & Co. *v.* OSGOOD.

Under existing statutes, replevin is a *local* action.

REPLEVIN, brought by J. H. Sleeper & Co. against J. D. Osgood, for goods, wares, and merchandise, taken by said defendant, at Warren, in the county of Grafton, on the 26th day of July, 1870. The writ was made returnable to, and was entered at this term in said county of Belknap. The defendant plead in abatement "that this court ought not to take further cognizance of the action aforesaid, because he says that the supposed cause of action, if any the plaintiffs have, accrued to the said plaintiffs out of the jurisdiction of this court, that is to say, at Warren, in the county of Grafton, within the jurisdiction of the supreme judicial court for the western judicial district of said county of Grafton, and not at Gilford, in the county of Belknap, or elsewhere within the jurisdiction of this court. And this he is ready to verify. Wherefore he prays judgment whether this court can or will take further cognizance of the action aforesaid."

To this plea there was a demurrer, and joinder in demurrer. The court, *pro forma,* overruled the demurrer, and sustained the plea in abatement, and plaintiffs excepted.

The questions of law were reserved.

*Stevens, Whipple, and Hibbard,* for plaintiffs.

It may be conceded that at common law replevin must be brought in the county where the taking was, but in this State the question is reg-

ulated by statute. Replevin is a *personal* action. Whether it is a local action is left undecided in *Claggett* v. *Richards*, 45 N. H. 364. By R. S., ch. 180, sec. 1 (C. S. ch. 191, sec. 1), "all personal or transitory actions, where both parties are inhabitants of this State, may be commenced in the county where either of the parties to the writ may be an inhabitant, and not elsewhere." It is difficult to see how there could be any doubt that under this section replevin in a county in which neither party resided would be prohibited. By G. S., ch. 201, sec. 1, "transitory actions, in which both parties are inhabitants of the State, may be brought in the county of which either party is an inhabitant, and not elsewhere." This is only a revision of the section first cited. We do not find "in the revision such a change of the language as to indicate a clear intention to change the law." The alteration was made simply "to render the provisions more concise." See *Jewell* v. *Holderness*, 41 N. H. 163. See, also, G. S., ch. 273, sec. 13.

The intention of the legislature may be clearly ascertained from the report of the commissioners upon the General Statutes, ch. 202, sec. 1, marginal abstract. The letter *v* indicates that "the change is merely verbal." See Commissioners' Introductory Report, p. iv. "Where the change in some respects materially affects the sense," the letter *m* was used by the commissioners, showing that in this case the commissioners did not intend to change the same in *any* respect. It appears that the commissioners understood the words "personal" and "transitory," in R. S., ch. 180, sec. 1, as synonymous: that such was the understanding of the framers of the Revised Statutes is shown by the sectional abstract at the head of the ch. 180, sec. 1, "personal actions, where brought." This indicates that the legislature did not understand that two kinds of action were embraced under the term "personal or transitory actions."

Replevin originally lay only for goods distrained, and as the right of distress, which the action was intended to contest, was at common law local, there was a reason for holding the action to be local. But there is no other than a technical reason for holding that an action of replevin in this case must have been brought in Grafton county, while trespass for the same act of the defendant could have been brought in Belknap county. The common law, in its particular description of personal or transitory actions, would clearly include replevin, did it not make that form of action a special exception. 1 Chit. Pl. 300. As our statutes (see ch. 201, sec. 1) before quoted adopt the common law terms descriptive of personal actions, generally without the exception, that must be regarded as overruled here by the local law.

*Pike & Blodgett*, for defendant.

The plaintiffs concede that at common law replevin is local, but contend that in this State it is transitory by virtue of statute regulations. This we deny, and claim that the common law in regard to replevin is in force here without statute change, except that the remedy has been enlarged and extended by adding to the causes for which this action

may be instituted at common law.  This view seems to be approved by the court in *Dame* v. *Dame*, 43 N. H. 42, and is supported by the cases there cited.

By the act of February 9, 1791, the remedy by replevin is extended to animals impounded ; by the act of June 30, 1825, to goods attached on mesne process, when claimed by a third person ; and by the act of June 22, 1832, to goods exempt from attachment.  Aside from these additions, replevin is believed to stand in this State as at common law. The acts cited do not make the action transitory.  On the contrary, the act of 1791 provides that, if the value of the creatures impounded exceeds forty shillings, the action shall be brought at the next court of common pleas to be holden in the same county.  Laws of N. H., edition of 1830, p. 207, sec. 2.  By the act of 1825, it is provided that " said action of replevin may be prosecuted to final judgment and execution, in any court proper to try the same, in the same form and manner as is provided to the owners of creatures impounded, by an act entitled ' an act regulating pounds,' passed February 9, 1791, and in the same manner as said action of replevin has been heretofore prosecuted in this State."  Ib. p. 379.  The same provision is contained in the act of 1832.  Laws of 1832, p. 53, sec. 1.  All the aforesaid acts remained in force up to the time of the adoption of the Revised Statutes, and were substantially incorporated therein.  R. S., ch. 204.

Until the adoption of the Revised Statutes, therefore, it is clear that replevin in this State was a local action.  Was it then changed ?  The plaintiffs rely on sec. 1, ch. 180, whereby it is enacted that " all personal or transitory actions, where both parties are inhabitants of this State, may be commenced in the county where either of the parties to the writ may be an inhabitant, and not elsewhere."  This proves nothing, because the section cited had been in force since the act of February 9, 1791, approved September 15, 1792.  See Laws of N. H., edition of 1805, p. 87.

It is evident from the foregoing citations, that for nearly half a century the section last cited was not considered inconsistent with, or repugnant to, the aforesaid acts which recognize replevin as a local action ; otherwise a change would have been made.  It is equally evident that no change was made in the revision of 1842 by the incorporation therein of the aforesaid section.  But it may be urged that by the revision, the action of replevin is not expressly limited to the county where the goods are taken, as it was before the revision, and that therefore the action became transitory.  The provision of the Revised Statutes relating to the matter is, that " if the value of the property replevied does not exceed thirteen dollars and thirty-three cents, the action shall be brought before a justice ; otherwise, in the court of common pleas."  R. S., ch. 204, sec. 4.  This evidently is to be construed as the court of common pleas for the county where the goods are taken.  R. S., ch. 1, sec. 24.  Sec. 4 is obviously but a revision of the law previously in force.  Under this law replevin was expressly declared to be a local action.  In the revision a few superfluous words were omitted, with the design to render the law more con-

cise, and the construction was not thereby changed. *Mooers* v. *Bunker*, 29 N. H. 420 ; *Sloan* v. *Bryant*, 28 N. H. 67 ; *Crowell* v. *Clough*, 23 N. H. 209. The mere change of phraseology will not be deemed a change of the law, unless such phraseology evidently imports an intention of the legislature to work a change. *Burnham* v. *Stevens*, 33 N. H. 256 ; *Jewell* v. *Holderness*, 41 N. H. 163.

Bearing in mind that replevin had always been a local action at common law, and also in this State, and was elsewhere universally so considered, it cannot be supposed that the legislature intended to make a change in this respect; and that no change was made has been the opinion of the court whenever the question has been raised at *nisi prius*, and has been and is the almost unanimous opinion of the bar. Supposing, however, that the statute does not indicate beyond doubt the county in which the action is to be brought, it may well be held that replevin is local for other reasons than those we have assigned.

1. The statute does not in terms, nor by implication, declare the action to be transitory, and hence the common law rule should prevail. 2. Replevin is a proceeding *in rem*, and by personal actions as used in the statute is to be understood only those which are brought for damages, or, as in detinue, for the specific goods taken if they can be had, otherwise for their respective values, and also damages for their detention. Suits *in rem* are from their nature local. 3. Sec. 1 of ch. 180, Revised Statutes, is to be construed as if the word personal was omitted. All transitory actions are personal, but all personal actions are not transitory. In the above section the word transitory merely shows in what sense the word personal is used, and the section therefore applies simply to those personal actions which are transitory, or in other words, to transitory actions only. This is the construction given to an analogous statute in Massachusetts (Oliver's American Precedents, title Replevin, 464; see, also, Howe's Practice 100), and has been the practical construction in this State.

The dictum in *Claggett* v. *Richards*, 45 N. H. 364, that " under our statutes, this action of replevin may possibly be regarded as transitory," is wholly unfounded. The question did not arise in that case, and of course was not decided. This dictum was but a conjecture of the justice declaring it, and seems to have been induced by a like dictum in *Atkinson* v. *Holcomb*, 4 Cowen 46, where, however, the court say that they have looked into all the authorities upon the question whether there is any exception to the rule that replevin is a local action, and find none. In a later case ( *Williams* v. *Welch*, 5 Wendell 290) it is held that " replevin, although brought for a cause of action for which trespass *de bonis asportatis* would lie, it seems, is a local action." Again, when the case of *Claggett* v. *Richards* was decided, the provisions of sec. 1, ch. 180, were in force, being sec. 1, ch. 191 of the Compiled Statutes; and the dictum cited was of course made with reference to the section as it then stood. It has since been changed, and now applies to transitory actions expressly ; for, by General Statutes, ch. 201, sec. 1, the word personal is omitted. The plaintiffs say this alteration does not change the meaning, and that the commissioners

regarded it only as verbal.   This we may safely admit, because it gives to the former statutes the construction we have claimed, and shows conclusively that the commissioners regarded the word personal, as used therein, of no force, and that the section before the alteration was applicable only to those personal actions which are transitory, or, more concisely stated, to transitory actions ; *for otherwise the alteration would not be called verbal.*   That such was the view of the commissioners would seem to be beyond question ; but, however it may be, the provisions of the General Statutes controlling the plaintiffs' action must be regarded as decisive against them; for the only ground upon which replevin could be claimed to be transitory under former statutes was that it is a kind of personal action, and that, as those statutes prescribe that all personal or transitory actions must be brought in the county where either party may be an inhabitant, therefore replevin must be transitory.   We think we have shown this argument to be unsound, but if we have not, it is obvious that the only reason for deeming replevin transitory under former statutes is wholly wanting in the present statutes; and more than this (and showing the understanding and intention of both the commissioners and the legislature beyond doubt), replevin is expressly declared to be a local action, in ch. 204, sec. 6. It will hardly be urged that this section is repugnant to sec. 1 of ch. 201, which provides where transitory actions shall be brought, and if it should, sec. 6 must prevail as being the latest expression of the legislative will.   *Ham* v. *The State,* 7 Blackf. 314, and authorities generally.

If, therefore, our construction of the old statutes is held to be incorrect, the plaintiffs must still fail by reason of the unequivocal provisions of the present statutes, which effectually remove the only doubt which misdirected ingenuity has been able to suggest.

It is hardly necessary to go behind the statute and adduce reasons why replevin is local ; but we do not assent to the plaintiffs' proposition that " there is no other than a technical reason."   Being a proceeding *in rem,* it is from its nature local ; it is also local because it is necessary to give a local description of the taking complained of.   " In declaring in replevin, it is necessary to describe, and to describe truly, the *locus in quo*—*i. e.,* the close, house, or common, in which the cattle or goods in question were taken by the defendant; and as the necessity of alleging the true place of caption involves the necessity of laying the true town, parish, or vill, and of course the true county, the venue and county, as well as the close, &c., are consequently *material,* and the action of necessity local."   Gould's Pleading, ch. 3, sec. 3.

Nor do we assent to the plaintiffs' other proposition, that " replevin originally lay only for goods distrained."   It lies at common law, not only for goods distrained, but for goods taken and unjustly detained for any other cause whatever; except that where goods are taken by process of law, the party against whom the process issued cannot replevy them ; but if the goods of a stranger to the process are taken, he may replevy them from the sheriff.   2 Greenl. on Ev., sec. 560, and cases cited.   *Mellor* v. *Leather et al.,* 1 Ellis & Blackburn (72 Eng.

Com. Law.) 619; *Dame* v. *Dame*, 43 N. H. 38, 39, and numerous authorities there cited; *George v. Chambers*, 11 M. & W. 149. Almost six hundred years ago, in the reign of Edward I, replevin was brought of a ship taken at sea, and the proceedings sustained. 12 Rep. 79. And about fifty years afterward, in 1332, 5 Edward III, replevin was brought of a ship cast ashore, and seized by the lord of the manor as wreck; and Lord COKE, who mentions this case, appears to consider it as good law. 5 Rep. 107.

LADD, J. We are all of opinion that replevin is a *local* action under the existing statutes of this State, and must be commenced in the county where the goods were unlawfully taken. The demurrer must therefore be overruled, and judgment entered for defendant on the plea in abatement.